IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KEITH LONZER STEWART BEY,

    Petitioner,
v.                                          CASE NO. 4:16-cv-413-MW-GRJ

STATE OF FLORIDA,

    Respondent.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Petitioner, who was a detainee at the Taylor County Jail at the time this case was filed, initiated this case by filing a handwritten pleading construed as a habeas corpus petition. ECF No. 1. Petitioner also filed a handwritten document construed as a motion for leave to proceed as a pauper, ECF No. 2, but the document contained no information relevant to determining whether leave to proceed as a pauper should be granted. The Court ordered Petitioner to file an amended habeas corpus petition and IFP motion on the Court's forms. ECF No. 5. That Order was mailed to the Taylor County Jail, but was returned as undeliverable. ECF No. 8.

Petitioner subsequently filed a civil rights complaint form, ECF No. 6, a Federal Torts Act Claim form, ECF No. 7, and a motion for leave to

proceed as a pauper, ECF No. 9.  The Court finds that leave to proceed as a pauper should be granted for the limited purpose of dismissing this case.

The civil rights complaint form reflects that Petitioner now seeks to assert claims for monetary damages for false arrest and false imprisonment.  Further, the complaint form reflects that Petitioner is no longer confined at the Taylor County Jail.  ECF No. 6.

Relief under 28 U.S.C. § 2254 is available to a person who is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The "in custody" requirement is a prerequisite to invoking the subject matter jurisdiction of the court.  *Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001).   In *Maleng v. Cook*, 490 U.S. 488, 491-92 (1989), the Supreme Court held that once a sentence has fully expired, the petitioner is not "in custody" for purposes of attacking that conviction in a habeas corpus petition.

Because Petitioner is no longer confined at the Taylor County Jail, this Court should decline to exercise habeas corpus jurisdiction over this case because Petitioner is no longer "in custody" for habeas corpus

purposes.  It is clear that Petitioner intends to now pursue his claims as a civil rights case for monetary damages.  Because this case has been opened as a habeas corpus case and assigned in accordance with the Court's case assignment procedures for habeas corpus cases, to avoid further confusion in the record the undersigned recommends that this case be dismissed for lack of habeas corpus jurisdiction, without prejudice to Petitioner's right to refile his amended pleading, ECF No. 6, as a new civil rights case.

For the foregoing reasons, it is **ORDERED** that Petitioner's motion for leave to proceed as a pauper, ECF No. 9, is **GRANTED**.  It is respectfully **RECOMMENDED** that this case be **DISMISSED** for lack of jurisdiction without prejudice to Plaintiff's right to refile his claims in a civil rights case.

**IN CHAMBERS**  this 27th day of July 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**